UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE STEPHENS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONOBI, INC., a Washington Corporation,<br><br>    Defendant. | No. C05-5608RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION UNDER FRCP 56(f) AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PREJUDICE |

   This matter is before the Court on Plaintiff Christine Stephens's Motion for Partial Summary Judgment [Dkt. #18].  Stephens argues that this Court should grant summary judgment in her favor by concluding that $170,500.00 remains due under the disputed Promissory Note.  According to Stephens, the Note is clear and complete, and not ambiguous as to its terms.  Defendant Donobi, Inc., argues that the Note is not a complete agreement and that it must be understood in the context of a series of agreements.  Donobi moves under FRCP 56(f) for time to depose Stephens and to complete discovery.  Accordingly, Donobi requests this Court to deny Stephens's Motion for Partial Summary Judgment without prejudice until completion of discovery [Dkt. #20].

ORDER                                      1

**DISCUSSION**

FRCP 56 sets standards relating to summary judgment and when courts should grant or refrain from granting a party's summary judgment motion. FRCP 56(f) specifically provides the following:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Donobi's motion under FRCP 56(f) poses the question of whether Donobi can present by affidavit facts essential to justify the party's opposition. Donobi argues that it cannot present facts surrounding the parties' intent when they drafted the Note until Donobi has had an opportunity to depose Stephens and complete discovery.

Donobi correctly argues that the Washington State Supreme Court has adopted the context approach to contract interpretation. *Berg v. Hudesman*, 115 Wn.2d 657, 801 P.2d 222 (1990). The context approach applies even if the contract is unambiguous. *Id.* at 665. Under the context approach, the Court may admit extrinsic evidence (or parol evidence) relating to the entire circumstances under which the contract was made for the purpose of ascertaining parties' intent. *Id.* at 667. However, the context approach does not apply for the purpose of adding to, modifying, or contradicting the terms of a written contract, in the absence of fraud, accident, or mistake. *Id.* at 669. The *Berg* Court explained that it did not apply the plain meaning rule because "meaning can almost never be plain except in context." *Id.* at 668.

Stephens asserts that a court may look to extrinsic evidence (or parol evidence) only to explain an ambiguity in the contract. She cites *State v. Nason,* 96 Wn. App. 686, 691, 981 P.2d 866 (1999) in support of her argument. The problem is that nowhere in *Nason* does the court limit admissible extrinsic evidence to evidence that helps resolve ambiguity. Rather, the *Nason* court explains that because the contract at issue, a plea agreement, was ambiguous, the court would allow extrinsic evidence to try to help

ORDER 2

clarify disputed terms. *Id*. at 691-92.

## CONCLUSION

In light of the *Berg* Court holding establishing the context rule for extrinsic evidence, this Court GRANTS Donobi's motion under FRCP 56(f) [Dkt. #20]. The Court also DENIES WITHOUT PREJUDICE Plaintiff Stephens's Motion for Partial Summary Judgment until completion of discovery on June 19, 2006 [Dkt. #18]. Plaintiff's Motion for Partial Summary Judgment will be RENOTED for June 23, 2006.

IT IS SO ORDERED.

DATED this 4th day of May, 2006.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE